IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERMICHAEL S. ANDERSON,          *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *
                                 * CIVIL ACTION NO. 15-00217-B
CAROLYN W. COLVIN,               *
Commissioner of Social           *
Security,                        *
                                 *
     Defendant.                  *

ORDER

Plaintiff Jermichael S. Anderson (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. On June 17, 2016, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 18). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **REVERSED and REMANDED.**

I. **Procedural History**[1]

Plaintiff protectively filed an application for supplemental security income on September 11, 2012. (Tr. 111, 202). He alleges that he has been disabled since January 1, 2012, due to a right leg amputation below the knee.[2] (Id. at 112, 181). Plaintiff's application was denied and upon timely request, he was granted an administrative hearing before Administrative Law Judge Susan Poulos (hereinafter "ALJ") on January 9, 2014. (Id. at 70). Plaintiff appeared, *pro se*, waiving his right to legal representation at the hearing, and provided testimony related to his claims. (Id. at 70-92). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 93-97). On March 28, 2014, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 59). Plaintiff obtained legal representation and requested review by the Appeals Council, and on March 13, 2015, the Appeals Council denied his request for review. (Id. at 1-4, 50). Therefore, the ALJ's decision dated March 28,

---

[1] The Court's citations to the transcript in this order refer to the page number assigned by the Agency (located in the bottom right hand corner of the transcript page), not the pagination assigned in CM/ECF.

[2] Plaintiff's leg was amputated in 2004 after he was shot in the leg in 2003 and subsequently suffered a blood clot. (Tr. 79-80, 204, 218, 226).

2014, became the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). The parties waived oral argument on June 17, 2016 (Doc. 17), and agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.   Issues on Appeal

1.   **Whether substantial evidence supports the ALJ's RFC assessment?**

2.   **Whether the ALJ erred in failing to discuss what weight, if any, she gave to the opinion of consultative examiner, Dr. Elmo Ozment, Jr., M.D.?**

## III. Factual Background

Plaintiff was born on January 29, 1983, and was 30 years of age at the time of his administrative hearing on January 9, 2014. (Tr. 76-77, 181). Plaintiff testified that he completed the tenth grade in high school and has not received his GED. (Id. at 77, 188). He has not completed any vocational training after high school and has never served in the armed forces. (Id. at 78). Plaintiff has never had a job. (Id. at 78).

Plaintiff testified that his right leg was amputated below the knee in 2003 because of a blood clot. (Id. at 79-80). According to Plaintiff, he has not been able to work since January 2012 due to back problems resulting from his use of

crutches over the last ten years.[3]   (Id. at 80-86).   Plaintiff testified that his right leg and his back "give out" on him, and he is blind in his left eye as a result of a stroke in February 2013.   (Id. at 80-86).   He has to take Tylenol and Advil every morning for back and leg pain, which stops the pain.   (Id. at 80, 88).   He has never seen a doctor about his pain.   (Id. at 85).   He also has high blood pressure but does not take medication because he cannot afford it.   (Id. at 93).

Plaintiff testified that he was on Medicaid before he went to prison and was in the process of obtaining a prosthetic leg.   (Id. at 87-88).   However, once in prison, the process stalled, and he has never gotten one.   (Id.).   He testified that he thinks that a prosthetic device would help him "a lot" because it would get him off of crutches, which is what is causing his back pain.   (Id.).

Plaintiff testified that he walks with two crutches, which are prescribed by a doctor, and that he can walk approximately 100 feet before his hands start to "give out" on him.   (Id. at 89, 200).   According to Plaintiff, he can stand for approximately two or three minutes until his feet start hurting;

---

[3] Plaintiff was incarcerated (for assault) at the time of his alleged onset date of January 1, 2012.   (Tr. 77-81).   Plaintiff testified that he incarcerated again from May through July 2013 for unpaid traffic tickets.   (Id. at 81).

he can balance without crutches if he has something to hold onto; and he cannot bend or stoop. (Id. at 89-90). Plaintiff testified that, while he can lift while sitting down, he is unable to do any lifting while standing. (Id.). Plaintiff further testified that he can sit for "a while" but not for "hours and hours" because his back starts hurting. (Id. at 90-91).

Plaintiff testified that he lives with his mom. He takes care of his own personal needs, and he can take showers standing up. (Id. at 77, 87, 195, 226). He can cook; however, he cannot do any chores except folding clothes. (Id. at 92, 196).

## IV. **Analysis**

### A. **Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[4] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be

---

[4] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

affirmed if they are based upon substantial evidence. <u>Brown v.</u> <u>Sullivan</u>, 921 F.2d 1233, 1235 (11th Cir. 1991); <u>Bloodsworth v.</u> <u>Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. <u>Chester v. Bowen</u>, 792 F. 2d 129, 131 (11th Cir. 1986); <u>Short v. Apfel</u>, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**B.  Discussion**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); <u>see also</u> 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for

6

determining if a claimant has proven his disability.[5] 20 C.F.R. §§ 404.1520, 416.920.

In the case *sub judice*, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 11, 2012, the alleged onset date, and that he has the severe impairments of "below the right knee amputation" and left eye blindness (retinal venous occlusion).[6]   (Tr. 61).   The ALJ

---

[5] The claimant must first prove that he or she has not engaged in substantial gainful activity.   The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments.   If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.   If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  Id.   Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).   If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

[6] The ALJ found that Plaintiff's hypertension was non-severe. (Tr. 61).

further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1.[7] (Id. at 61-62).

The ALJ concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform less than the full range of sedentary work, with the following limitations: Plaintiff can "lift/carry ten pounds occasionally and less than ten pounds frequently; stand/walk two hours in an eight-hour workday; and sit six hours in an eight-hour workday. The claimant can occasionally push/pull with the left lower extremity and never with the right lower extremity. The claimant can never climb ladders, ropes, or scaffolds but may occasionally climb ramps and stairs. He can occasionally balance, stoop, crouch, kneel, and crawl. He must use a handheld assistive device at all times while standing. He must avoid concentrated exposure to workplace hazards, such as moving machinery and unprotected heights. The claimant will only have the ability to see with the right eye." (Id. at 62). The ALJ also determined that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged

_____

[7] The ALJ noted that there is no medical reason that Plaintiff cannot wear a prosthetic device to ambulate effectively. (Tr. 62).

symptoms, his statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not entirely credible for the reasons explained in the decision. (Id. at 63).

The ALJ found that Plaintiff has no past relevant work. (Id. at 64). Utilizing the testimony of a VE, the ALJ concluded that considering Plaintiff's residual functional capacity for a range of sedentary work, as well as his age, education, and lack of work experience, there are still jobs existing in the national economy that Plaintiff is able to perform, such as a "assembler of small products," "circuit board assembler," and "order clerk," all of which are classified as sedentary and unskilled. (Id. at 65). Thus, the ALJ concluded that Plaintiff is not disabled. (Id.).

The Court now considers the foregoing in light of the record in this case and the issue on appeal.

1. **Issues**

A. **Whether substantial evidence supports the ALJ's RFC assessment?**

In this case, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because it requires him to simultaneously carry/lift ten pounds while using an unspecified "handheld assistive device" while standing. (Doc. 14 at 6). Plaintiff argues that this RFC is inconsistent with the findings

and opinions of consultative physician, Dr. Elmo Ozment, Jr.,
M.D., who examined Plaintiff and determined that he could not
stand without two crutches; that his bilateral crutches were
prescribed and medically necessary; that he uses them 100% of
the time indoors and outdoors; and that his "ambulation depends
on two crutches at all times." (Tr. 227-29). The Commissioner
does not dispute Plaintiff's assessment of the evidence but
argues that, "apparently," the ALJ contemplated that Plaintiff
could use a walker, instead of crutches, and "temporarily
balance, grab an item with one hand, and transfer it to a pouch
attached to the walker or to an over-the-shoulder bag." (Doc.
15 at 7). Having reviewed the record at length, the Court finds
that the Commissioner's argument is misplaced.

Residual functional capacity is a measure of what Plaintiff
can do despite his or her credible limitations. See 20 C.F.R. §
404.1545. Determinations of a claimant's residual functional
capacity are reserved for the ALJ, and the assessment is to be
based upon all the relevant evidence of a claimant's remaining
ability to work despite his or her impairments, and must be
supported by substantial evidence. See Beech v. Apfel, 100 F.
Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. §
404.1546 and Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.
1997)); Saunders v. Astrue, 2012 U.S. Dist. LEXIS 39571, *10,
2012 WL 997222, *4 (M.D. Ala. March 23, 2012).

Once the ALJ has determined the Plaintiff's residual functional capacity, the claimant bears the burden of demonstrating that the ALJ's decision is not supported by substantial evidence. See Flynn v. Heckler, 768 F.2d 1273, 1274 (11th Cir. 1985). Plaintiff has met his burden in this case. In this case, the ALJ found that Plaintiff is capable for performing sedentary work (i.e. can carry/lift 10 pounds occasionally), and that he must use a "hand held assistive device" at all times while standing. (Tr. 62). While the ALJ did not elaborate on what type of "hand held assistive device" was being referenced, the only such devices utilized by Plaintiff are the two crutches, which were prescribed by his doctor. (Id. at 200, 226-29). And, the record reflects that the consultative examiner, Dr. Elmo Ozment, Jr., M.D., opined that Plaintiff must use the two crutches at all times to ambulate. (Tr. 229).

At the administrative hearing, Plaintiff testified that, while he is able to lift objects when seated, he cannot lift anything when he is utilizing the two crutches needed to ambulate. (Id. at 90, 199). As noted, the Commissioner does not dispute this record evidence, but instead argues that the ALJ "apparently" contemplated Plaintiff using a walker, instead of crutches, and using a pouch or over-the-should bag to accommodate the item(s) being carried. Of course, the problem

with this assertion is that it is speculative at best, and it is not found anywhere in the ALJ's decision.

"It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to 'state with clarity' the grounds for an RFC determination.  Stated differently, 'linkage' may not be manufactured speculatively by the Commissioner — using 'the record as a whole' — on appeal, but rather, must be clearly set forth in the Commissioner's decision."  Jones v. Colvin, 2015 U.S. Dist LEXIS 132460, at *79, 2015 WL 5737156, at *23 (S.D. Ala Sept. 30, 2015); see also Durham v. Astrue, 2010 U.S. Dist. LEXIS 100888, 2010 WL 3825617, at *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record;" holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[;] [t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'") (quoting Hanna v. Astrue, 395 Fed. Appx. 634, 636 (11th Cir. 2010)).  In Durham, 2010 U.S. Dist. LEXIS 100888, at *3, the court explained: "In his brief, the Commissioner sets forth the  evidence on which the ALJ could

12

*have* relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support.  Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (Emphasis in original).  See also Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").  Because the ALJ's RFC determination is simply not supported by the record, this case must be remanded.

Also problematic is the fact that the hypothetical that the ALJ provided to the VE was flawed.  The ALJ posed a hypothetical question involving an individual of Plaintiff's age, education, and work experience, with a residual functional capacity at the sedentary exertional level, with the ability to push and pull occasionally with the left and never with the right, who can never climb ladders, ropes, or scaffolds, who can occasionally climb ramps or stairs, who can occasionally balance with a handheld assistive device, who can occasionally stoop, crouch, kneel, and crawl, who must have no exposure to workplace hazards such as moving machinery and unprotected heights, who has the ability to see only with the right eye, and who must be limited

to jobs performed using "a handheld assistive device at all times when standing." (Tr. 94-96). The VE testified that such an individual could perform jobs such as an assembler of small products, a circuit board assembler, and an order clerk. (Id. at 95).

"In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Moreno v. Astrue, 366 Fed. Appx. 23, 29 (11th Cir. 2010) (citing Vega v. Commissioner of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001)). "However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported." Id. (citations omitted) ("The ALJ did not err by failing to include [the claimant's] subjective symptoms in his hypothetical to the VE because the ALJ was not required to include limitations that it found to be unsupported."); see also Stremba v. Barnhart, 171 Fed. Appx. 936, 939 (3d Cir. 2006) ("'all impairments' means only those that are medically established. . . . Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible. . . . Of course, credibility determinations are to be made by the ALJ.") (citing 20 CFR § 404.1527) (citations and internal quotation marks omitted).

In this case, the ALJ did not make clear that the

referenced "handheld assistive device" consisted of two crutches
which were required for ambulation.   (Tr. 95).   In other words,
there is a huge difference between relying on two crutches to
ambulate versus utilizing a cane or other device.   This is
particularly true where the record establishes that Plaintiff
cannot lift while using the two crutches to ambulate.   As argued
by Plaintiff, the ALJ's incomplete hypothetical affected the
reliability of the VE's testimony regarding Plaintiff's ability
to perform jobs which require occasional lifting/carrying,
stooping, crouching, kneeling, and crawling.

For each of the reasons set forth above, the Court finds
that the RFC is not supported by substantial evidence and must
be reversed and remanded.[8]   On remand, the ALJ shall specifically
address Dr. Ozment's opinion that Plaintiff is required to use
two crutches in order to ambulate, and Plaintiff's testimony
that he cannot lift while using the two crutches to ambulate.
The ALJ should specifically address the weight given to Dr.
Ozment's opinions and how the restriction to using two crutches
at all times would affect Plaintiff's ability to lift/carry ten
pounds occasionally, as well as how it would affect, if at all,
his ability to occasionally stoop, crouch, kneel, and crawl.

---

[8] Because this case is being reversed and remanded, the
undersigned has not addressed the remaining issues raised in
Plaintiff's brief.

The ALJ should also utilize the services of a vocational expert to identify what sedentary jobs, if any, Plaintiff can perform in light of the restriction that he use two crutches 100% in order to ambulate.  See Tilton v. Commissioner of Social Security, 2010 WL 610633 (S.D. Ohio Feb. 19, 2010) (remanding case for further proceedings where substantial evidence did not support the ALJ's decision that Plaintiff had the RFC to carry twenty pounds occasionally, given Plaintiff's treating physicians' opinions that Plaintiff needed two crutches to ambulate).  Accordingly, this matter is remanded for further administrative proceedings.

**V.    Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income be **REVERSED** and **REMANDED.**

**DONE** this **30th** day of **September, 2016.**

                              /s/ SONJA F. BIVINS
                    UNITED STATES MAGISTRATE JUDGE